Kenneth L. Neeley, 025899
Brian M. Blum, 024243
**NEELEY LAW FIRM, PLC**
2250 E. Germann Rd., Ste. 11
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
ecf@neeleylaw.com

*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| Yun Z. Lin, | Case No.: 2:13-bk-19813-GBN |
| Debtor. | **Response to Creditor Kimco Riverview LLC's Objection to Property Claimed Exempt** |

Debtor Yun Z. Lin hereby responds to Creditor Kimco Reiverview LLC's Objection to Debtor's Exemption. (Doc. No. 18.) The Creditor objects to the Debtor's claimed $12,000 exemption in the 2010 Toyota Prius on the basis that she exceeded the statutory maximum automobile exemption. The Objection should be overruled because the Debtor is married and is entitled to claim her $6,000 exemption as well as her non-filing husband's $6,000 exemption.

The legal authority to overrule this Objection is based on the most basic principles of community property and bankruptcy law. Moreover, in at least two opinions from this jurisdiction, on the exact same facts and law, the Bankruptcy Courts have ruled in favor of the debtors each time. No countervailing authority exists, nor does the Creditor proffer any legal basis to set a new precedent. Accordingly, the Court should award the Debtor her reasonable attorney's fees for defending this matter.

*Memorandum of Points and Authorities*

### I. Background

1. The facts stated in this Response are supported by the attached Declaration of

Debtor Yun Lin ("Dec.").

2. Debtor and her husband have been married for more than 12 years. (Dec. ¶ 2.) The Debtor and her husband have never entered into any agreement, either before or after their marriage, that would alter the community property laws of Arizona. (Dec. ¶ 3.)

3. Debtor and her husband owned and operated a restaurant in space leased from the Creditor. (Dec. ¶ 4.) The restaurant failed and the Creditor sued the Debtor, and also her parents on personal guaranties of the lease. (Dec. ¶ 4.)

4. The collection activity of the Creditor played a large role in hastening the Debtor's decision to file this Chapter 7 case. (Dec. ¶ 5.)

5. Robert A. Mackenzie was appointed the Chapter 7 Trustee.

6. Counsel for the Creditor appeared at the § 341 meeting and questioned the Debtor extensively about her vehicle and real property. (Dec. ¶ 6.) After the meeting of creditors, the Creditor followed-up with a letter to undersigned counsel requesting a copy of the title to the Prius. The letter also the scheduled amount of liens on the Debtor's real property and suggesting that the Debtor was concealing non-exempt equity.[1] A copy of this letter was provided to Mr. Mackenzie.

7. Shortly thereafter, Mr. Mackenzie hired attorney Michael Lane of Lane & Nach to assist him in the administration of this case.

8. The Debtor and her husband purchased the 2010 Toyota Prius (the "Vehicle") before this bankruptcy case was filed; the Vehicle is titled in the name of the Debtor's husband. (Dec. ¶ 7.)

9. On Petition Schedule C, the Debtor claimed her $6,000 vehicle exemption and her husband's $6,000 vehicle exemption.

10. The Trustee did not object to the Debtor's use of these exemptions and the time to do so has passed.

---

[1] Undersigned counsel provided Creditor's counsel with proof that the real property lien was scheduled properly. This Objection came shortly thereafter.

## II.    Authority

11. An individual debtor may exempt property from the bankruptcy estate. 11 U.S.C. § 522(b). Pursuant to the formula in § 522(b)(3)(A), a Debtor who was domiciled in Arizona for the 730 period prior to the petition date must look to Arizona law to determine which exemption scheme he or she may use. Arizona has "opted-out" of the Federal Bankruptcy Exemption scheme. A.R.S. § 33-1121. Therefore, such a debtor may only use Arizona exemptions or certain Federal non-bankruptcy exemptions.

12. Arizona law provides for a $6,000 exemption in one motor vehicle. A.R.S. § 33-1125(8) (effective September 13, 2013). And, also provides that the exemption may be doubled for married people. A.R.S. § 33-1121.01. ("In the case of married persons, each spouse is entitled to the exemptions provided in this article, which may be combined with the other spouse's exemption in the same property of taken in different exempt property.")

13. A married bankruptcy debtor may claim her non-filing spouse's exemption. *In re Perez*, 302 B.R. 661 (Bankr. D. Ariz. 2003), *followed by In re Morris*, 4:12-bk-15511-EWH (Bankr. D. Ariz. March 20, 2013) [Unpublished]. *Perez* and *Morris* held this to be true in cases where the Debtor was acting on behalf of the community. In *Perez*, Judge Haines noted that since Arizona is an opt-out state and Arizona law allows married debtors to double their exemptions, then a married bankruptcy debtor may do the same. *Id.* at 663. Judge Hollowell agreed with that analysis and ruled the same. *Morris, supra.*

## III.    Analysis

14. The Debtor is married to Min Jing Zheng who did not join her in the bankruptcy filing. This fact was stated in the Statement of Financial Affairs at ¶16 and has been communicated to the Creditor's counsel.

15. At all relevant times, the Debtor was acting on behalf of her marital community.

16. The vehicle was purchased during the marriage and is therefore community

property. A.R.S. § 25-211. The title to the vehicle states only the name of the Debtor's husband, but the vehicle is community property nonetheless. *Carroll v. Lee*, 148 Ariz. 10, 712 P.2d 923 (1986) ("The presumption applies to property acquired during marriage even though title is taken in the name of only one spouse."), *followed by Thruston v. Reaves (In re Thruston)* (BAP 9th Cir. 2013) [Not For Publication]

17. The sum of the Debtor's vehicle exemption and her husband's exemption is $12,000. Accordingly, the Debtor is entitled to claim a $12,000 exemption in her marital community's vehicle pursuant to A.R.S. §§ 33-1125(8), 33-1121.01.

## IV. Attorney's Fees

18. The Court has the authority to award a litigant her attorney's fees in situations where an opposing attorney's conduct "unreasonably and vexatiously" "multiplies the proceedings." 28 U.S.C. § 1927. Courts have found that an award under this section requires a finding of bad faith, which "is present when an attorney knowingly or recklessly raises a frivolous argument . . ." *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431 (9th Cir. 1995).

19. Here the opposing counsel's failure to acknowledge the clear case law on this issue and failure to offer any legal basis for the Court to depart from the settled rule, show bad faith which has unreasonably and vexatiously multiplied these proceedings.

*Wherefore*, the Debtor requests that the Court enter an order overruling the Creditor's Objection and awarding the Debtor $500 for her reasonable attorney's fees.

DATED: January 31, 2014          **NEELEY LAW FIRM, PLC**

_/s/Brian M. Blum_____
Kenneth L. Neeley
Brian M. Blum
*Attorneys for Debtors*

### *Certificate of Service*

I certify that on January 31, 2014 I electronically transmitted this document to the Clerk's office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the CM/ECF registrants who have appeared in this case.

By:  */s/Brian M. Blum*